**In re BRIDGESTONE/FIRESTONE, INC., Tires Products Liability Litigation.**

**Michelle Fayard, Plaintiff,**

v.

**Bridgestone/Firestone, Inc., et al., Defendants.**

Nos. IP 01–5407–C–B/S,
IP 00–9374–C–B/S.
MDL No. 1373.

United States District Court,
S.D. Indiana,
Indianapolis Division.

Aug. 27, 2003.

Craig D. Rackohn, Rackohn & Rackohn, Westlake Village, CA, for Plaintiffs.

John H. Beisner, O'Melveny & Myers LLP, Washington, DC, John M. Garrick, Iverson Yoakum Papiano & Hatch, Los Angeles, CA, Robert J. Gibson, Snell & Wilmer, Irvine, CA, Mark Herrmann, Jones Day Reavis & Pogue, Cleveland, OH, Mark Merkle, Krieg Devault LLP, Randall Riggs, Locke Reynolds LLP, Indianapolis, IN, Colin P. Smith, Holland & Knight LLC, Chicago, IL, for Defendants.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

BARKER, District Judge.

This matter is before the Court on defendant Bridgestone/Firestone North American Tire, LLC's ("Firestone") motion for summary judgment on statute of limitations and spoliation grounds. For the reasons set forth below, the motion for summary judgment is DENIED.

### Discussion

### Statute of Limitations

The plaintiff, Ms. Fayard, alleges that on May 13, 1999, she was driving her Ford Explorer when the tread on one of its Firestone tires separated, causing loss of control and a rollover. About a month later, she obtained and read a copy of the accident report prepared by the California Highway Patrol, which noted, among other things, that the left rear tire lost its tread. In December of 1999, Ms. Fayard wrote a letter to her insurance company to transmit an accident site clean-up bill she had received. She also inquired in the letter "if the vehicle is still around for inspection" and requested "any reports that have been made regarding the investigation of the vehicle." She filed her complaint in this action on November 20, 2000.

Firestone argues that Ms. Fayard's claims are barred by the one-year statute of limitations set forth in section 340(3) of the California Code of Civil Procedure. It claims that the delayed discovery rule adopted by the California courts [1] does not toll the limitations period because Ms. Fayard discovered, or had reason to discover, her cause of action more than one year before she filed her complaint. Putting it another way, Firestone argues that the facts here demonstrate that she suspected that her injuries were caused by wrongdoing more than a year before she filed suit.

We have fully set forth the contours of California's delayed discovery rule in *Mancuso v. Bridgestone/Firestone*, 200 F.Supp.2d 983 (S.D.Ind.2002), and will not repeat that explication here. Having considered the undisputed facts regarding the accident and Ms. Fayard's conduct after it, we find no circumstances compelling a result different from those reached in the two motions decided under California law in *Mancuso*. Obtaining the accident report does not indisputably signal suspicion sufficient to trigger accrual as a matter of law. Ms. Fayard's request for her insurance company's investigative reports, even if indicative of suspicion, was made within a year before the filing of her complaint. For these reasons, Firestone is not entitled to summary judgment on statute of limitations grounds.

### Spoliation

It is undisputed in this case that shortly following the accident Ms. Fayard informed her insurance company that she did not "want to retain salvage," *i.e.*, the

---

**1.** The parties agree that the substantive law of California governs this case.

wrecked vehicle and tires. Hence, none of the experts on whose opinions she relies to establish liability has physically inspected the subject tire. Ms. Fayard does, however, have photographs of the tire taken after the accident. She argues that she her claim is both a design and manufacturing defect case, and so the absence of the subject tire is not fatal.

■ Firestone argues, based on Ms. Fayard's failure to preserve the subject tire for inspection and the alleged prejudice to Firestone resulting therefrom, that her claims should be dismissed or, alternatively, she should be barred from presenting any evidence concerning the subject tire. Such a request falls within the courts' broad discretionary powers to issue evidentiary rulings "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)). However, in ascertaining whether spoliation has occurred, courts tend to look for evidence of some bad faith on the part of the accused party. *See, e.g., Schmid v. Milwaukee Elec. Tool Corp.*, 13 F.3d 76, 78 (3d Cir.1994); *Coates v. Johnson & Johnson*, 756 F.2d 524, 551 (7th Cir.1985). *Vick v. Texas Employment Comm'n*, 514 F.2d 734, 737 (5th Cir.1975). Here, we have no such evidence of bad faith, but only the fact of the disposal of the subject tire soon after the accident in which Ms. Fayard was injured. We do not find such conduct to rise to a level that justifies imposition of the sanctions Firestone recommends.[2] Therefore, dismissal or preclusion of evidence as a sanction for spoliation is not appropriate here.

Likewise, Ms. Fayard's cross motion for summary judgment has failed to establish as a matter of law that Firestone is liable for the defective design or manufacture of the subject tire or that Firestone's conduct in and prior to this litigation justifies barring Firestone from presenting evidence related to the subject tire.

For all of the foregoing reasons, Firestone's motion for summary judgment is DENIED and Ms. Fayard's cross motion for summary judgment is DENIED.[3]

---

2. Because the parties do not squarely address in their main briefs whether Ms. Fayard can produce sufficient evidence to satisfy her burden of proof on the element of causation, we express no opinion on the issue in this Entry.

3. In addition, Firestone's motion objecting to Ms. Fayard's reliance on H.R. Baumgardner's expert report for her cross motion for summary judgment is DENIED as moot.